**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STONEEAGLE SERVICES, INC.,**

    **Plaintiff,**

Case No.:  8:13-cv-02240-VMC-MAP

v.

**PAY-PLUS SOLUTIONS, INC.,**
**and PREMIER HEALTHCARE**
**EXCHANGE, INC.,**

    **Defendants.**
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
**(Injunctive Relief Sought)**

Plaintiff, StoneEagle Services, Inc. ("StoneEagle"), sues Defendants, Pay-Plus Solutions, Inc. ("PPS") and Premier Healthcare Exchange, Inc. ("PHX"), and alleges the following:

### NATURE OF THE ACTION

1. This is an action for preliminary and permanent injunctive relief, equitable relief, damages, costs, expert fees, and attorneys' fees resulting from PPS and PHX's willful infringement of StoneEagle's rights granted under the Patent Laws of the United States, Title 35, United States Code.

### JURISDICTION AND VENUE

2. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

3. This Court possesses personal jurisdiction over PPS and PHX because: (a) PPS's principal place of business is located within this judicial district; (b) upon information and belief, PXH controls and directs the activities of PPS within this judicial district; and (c) PPS and PHX have used, sold, and offered for sale, and are currently using, selling, and offering for sale, financial products and services in this judicial district which infringe StoneEagle's patent.

4. Venue properly lies in this district and in this division under 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

5. Plaintiff, StoneEagle is a Texas corporation with its principal place of business in Dallas County, Texas.

6. Defendant, PPS is a Delaware corporation with its principal place of business in Clearwater, Pinellas County, Florida. PPS was incorporated in April of 2011.

7. Defendant, PHX is a Delaware corporation with its principal place of business in Bedminster, New Jersey. PHX represents to the public that PPS is a "business division" of PHX and, upon information and belief, PHX controls and directs the activities of PPS.

## THE '904 PATENT

8. On January 1, 2013, the United States Patent and Trademark Office (the "PTO") issued Reissue Patent No. US RE43,904 E (the "'904 Patent"), entitled "MedicalBenefits Payment System." A true and accurate copy of the '904 Patent is attached hereto as Exhibit "A".

9. StoneEagle is the owner by assignment of all right, title, and interest in and to the '904 Patent.

10. On February 4, 2014, the PTO issued Reissue Patent No. US RE44,748 E (the "'748 Patent"), entitled "Medical Benefits Payment System." A true and accurate copy of the '748 Patent is attached hereto as Exhibit "B".

11. StoneEagle is the owner by assignment of all right, title, and interest in and to the '748 Patent.

## FACTS

12. For the last ten (10) years, StoneEagle has been an innovator in creating, providing, and implementing standardized business process outsourced solutions for multiple payers using proprietary payment processing systems and accompanying technologies.

13. StoneEagle developed and, in 2006, began marketing and selling its proprietary payment processing systems and associated technology to the healthcare industry with an innovative healthcare provider reimbursement system.

14. The healthcare provider reimbursement system marketed and sold by StoneEagle (the "StoneEagle's Patented System") was conceived of by StoneEagle's Chairman and Chief Executive Officer, Robert M. Allen, and is covered by the '904 Patent, as well as the '748 Patent.

15. The '904 Patent contains twenty-six (26) claims covering medical benefits payment processing systems and accompanying technology for making a virtual payment to a medical provider by transmitting a stored-value card account payment of the

authorized benefit amount, together with an explanation of benefits from the medical benefits payor, to the medical provider.

16.     The '748 Patent contains twenty-four claims also covering medical benefits payment processing systems and accompanying technology for making a virtual payment to a medical provider by transmitting a stored-value card account payment of the authorized benefit amount, together with an explanation of benefits from the medical benefits payor, to the medical provider.

17.     PHX promotes PPS's services on PHX's website, www.phx-online.com (the "PHX Website").  The PHX Website directs customers and potential customers to PPS's website, www.ppsonline.com, which offers various products and services for facilitating electronic payments to healthcare service providers, including a system using the name "Pay-Plus™ Select."

18.     PPS and PHX's Pay-Plus™ Select healthcare benefits payment processing system directly competes with StoneEagle's Patented System.

19.     StoneEagle has hired the law firm of Fee & Jeffries, P.A. to vindicate its rights in this action and is obligated to pay Fee & Jeffries, P.A. a reasonable fee for its legal services.

20.     All conditions precedent to the maintenance of this action have occurred, been performed, or have been excused or waived.

**COUNT I – INFRINGEMENT OF THE '904 PATENT**

21.     StoneEagle realleges and incorporates by reference the allegations in paragraphs 1 through 20 above as if set forth fully herein.

22. PPS and PHX have infringed, and are presently infringing, one or more claims of the '904 Patent under 35 U.S.C. § 271 by (a) using, offering to sell, and selling, without authority or consent from StoneEagle, the Pay-Plus™ Select system which embodies the invention claimed in the '904 Patent; (b) actively inducing others to infringe the '904 Patent; and/or (c) contributing to the infringement of the '904 Patent.

23. The activities constituting PPS and PHX's infringement of StoneEagle's '904 Patent have always been, and continue to be, carried out by PPS and PHX without StoneEagle's authority or license.

24. StoneEagle has complied with the notice provisions of 35 U.S.C. § 287 (a) regarding StoneEagle's '904 Patent.

25. StoneEagle has been injured by, continues to suffer injury from, and will continue to suffer irreparable injury from the infringing activities of PPS and PHX unless PPS and PHX's infringing actions are enjoined by this Court.

26. StoneEagle has no adequate remedy at law to prevent injuries it is suffering from PPS and PHX's continuing infringement of StoneEagle's '904 Patent.

27. Given PPS and PHX's clear and direct infringement of StoneEagle's intellectual property rights, StoneEagle is substantially likely to prevail upon the merits of this action.

28. The balance of hardships and the public interest requires that PPS and PHX immediately cease their infringing activities.

29. This is an exceptional case under 35 U.S.C. § 285 because PPS and PHX's infringing conduct has been, and is, clearly willful, intentional, and deliberate.

WHEREFORE, StoneEagle respectfully requests this Court to:

A. Enter judgment in its favor and against Defendants PPS and PHX;

B. Award to StoneEagle and against Defendants PPS and PHX:

1) StoneEagle's damages;

2) up to three (3) times the amount of StoneEagle's actual damages due to the wilful and deliberate nature of the infringement by PPS and PHX of StoneEagle's '904 Patent; and

3) prejudgment interest, as well as the expert fees, attorneys' fees, and costs incurred by StoneEagle as a result of the infringement of StoneEagle's patent rights;

C. Preliminarily and permanently enjoin each of Defendants PPS and PHX from engaging in activities that infringe upon StoneEagle's rights in the '904 Patent; and

D. Grant StoneEagle all additional relief that this Court deems just and appropriate.

**COUNT II – INFRINGEMENT OF THE '748 PATENT**

30. StoneEagle realleges and incorporates by reference the allegations in paragraphs 1 through 20 above as if set forth fully herein.

31. PPS and PHX have infringed, and are presently infringing, one or more claims of the '748 Patent under 35 U.S.C. § 271 by (a) using, offering to sell, and selling, without authority or consent from StoneEagle, the Pay-Plus™ Select system which

embodies the invention claimed in the '748 Patent; (b) actively inducing others to infringe the '748 Patent; and/or (c) contributing to the infringement of the '748 Patent.

32. The activities constituting PPS and PHX's infringement of StoneEagle's '748 Patent have always been, and continue to be, carried out by PPS and PHX without StoneEagle's authority or license.

33. StoneEagle has complied with the notice provisions of 35 U.S.C. § 287 (a) regarding StoneEagle's '748 Patent.

34. StoneEagle has been injured by, continues to suffer injury from, and will continue to suffer irreparable injury from the infringing activities of PPS and PHX unless PPS and PHX's infringing actions are enjoined by this Court.

35. StoneEagle has no adequate remedy at law to prevent injuries it is suffering from PPS and PHX's continuing infringement of StoneEagle's '748 Patent.

36. Given PPS and PHX's clear and direct infringement of StoneEagle's intellectual property rights, StoneEagle is substantially likely to prevail upon the merits of this action.

37. The balance of hardships and the public interest requires that PPS and PHX immediately cease their infringing activities.

38. This is an exceptional case under 35 U.S.C. § 285 because PPS and PHX's infringing conduct has been, and is, clearly willful, intentional, and deliberate.

WHEREFORE, StoneEagle respectfully requests this Court to:

A. Enter judgment in its favor and against Defendants PPS and PHX;

B. Award to StoneEagle and against Defendants PPS and PHX:

       1)      StoneEagle's damages;

       2)      up to three (3) times the amount of StoneEagle's actual damages due to the wilful and deliberate nature of the infringement by PPS and PHX of StoneEagle's '748 Patent; and

       3)      prejudgment interest, as well as the expert fees, attorneys' fees, and costs incurred by StoneEagle as a result of the infringement of StoneEagle's patent rights;

C.      Preliminarily and permanently enjoin each of Defendants PPS and PHX from engaging in activities that infringe upon StoneEagle's rights in the '748 Patent; and

D.      Grant StoneEagle all additional relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

StoneEagle hereby demands a trial by jury on all issues so triable.

Dated: November 20, 2014.    Respectfully submitted,

          s/ Richard E. Fee
          Richard E. Fee
          Florida Bar No. 813680
          Kathleen M. Wade
          Florida Bar No. 127965
          Jillian L. Feltham
          Florida Bar No. 58383
          FEE & JEFFRIES, P.A.
          1227 N. Franklin Street
          Tampa, Florida  33602
          (813) 229-8008
          (813) 229-0046 (Facsimile)
          rfee@feejeffries.com
          kwade@feejeffries.com
          jfeltham@feejeffries.com

          Trial Counsel for Plaintiff, StoneEagle
          Services, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2014, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Margaret Diane Mathews, Esq.**, AKERMAN SENTERFITT, 401 E. Jackson Street, Suite 1700, Tampa, Florida 33602; and **Susan A. Cahoon, Esq.** and **Russell A. Korn, Esq.,** KILPATRICK TOWNSEND & STOCKTON LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, Georgia 30309, *Counsel for Defendants*.

s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
Jillian L. Feltham
Florida Bar No. 0058383
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
jfeltham@feejeffries.com
*Trial Counsel for Plaintiff, StoneEagle Services, Inc.*