```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

STONEEAGLE SERVICES, INC.,

        Plaintiff,

v.                                       Case No. 8:13-cv-2240-T-33MAP

PAY-PLUS SOLUTIONS, INC.,
ET AL.,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Pay-Plus Solutions, Inc. and Premier Healthcare Exchange, Inc.'s Motion for Judgment on the Pleadings, filed on December 9, 2014 (Doc. # 69), and Notices of Supplemental Authority (Docs. ## 71, 73), filed on December 22, 2014 and December 30, 2014. On January 16, 2015, Plaintiff StoneEagle Services, Inc., filed a response in opposition to the Motion. (Doc. # 78). For the reasons that follow, the Motion is denied without prejudice, as premature.

**I.  Background**

In this patent infringement action, Plaintiff alleges that Defendants willfully infringed Plaintiff's rights under two patents: Reissue Patent No. US RE43,904 E ("the '904 Patent") and Reissue Patent No. US RE44,748 E ("the '748 Patent"). (Doc. # 66 at ¶¶ 1, 8-10 & Exhs. A, B). Both patents cover a healthcare provider reimbursement system, by which a payor, such as an insurance company, makes "a virtual

payment to a medical provider by transmitting a stored-value card account payment of the authorized benefit amount, together with an explanation of benefits." (Id. at ¶¶ 14-16 & Exhs. A, B). Plaintiff alleges that Defendants' healthcare benefits payment processing system, "Pay-Plus™ Select," directly competes with Plaintiff's patented system. (Id. at ¶¶ 17, 18).

On November 20, 2014, Plaintiff filed a Second Amended Complaint, asserting claims for infringement of the '904 Patent (Count I) and infringement of the '748 Patent (Count II). (Id. at ¶¶ 21-38). On December 2, 2014, Defendants filed Answers to the Second Amended Complaint, including, as an affirmative defense, a challenge to the validity of the patents pursuant to 35 U.S.C. § 101. (Doc. # 67 at 7; Doc. # 68 at 7). In the instant Motion for Judgment on the Pleadings, Defendants argue that the claims at issue are directed to patent-ineligible subject matter under 35 U.S.C. § 101, warranting judgment in Defendants' favor. The Motion is now ripe for the Court's review.

## II. Legal Standard

A motion for judgment on the pleadings may be granted "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla.

Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998) (citations omitted).

A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. Szabo v. Fed. Ins. Co., No. 8:10-cv-02167-T-33, 2011 WL 3875421 (M.D. Fla. Aug. 31, 2011)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

Rule 12(d) instructs that when matters outside of the pleadings are presented to the court on a motion for judgment on the pleadings, the motion must be treated as one for summary judgment. See Fed. R. Civ. P. 12(d). However, the motion "should only be treated as one for summary judgment if the record is fully developed and the non-moving party was given adequate notice of the court's decision." Jozwiak v. Stryker Corp., No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *4 (M.D. Fla. Feb. 26, 2010)(citations omitted).

"The court has a broad discretion when deciding whether

to treat a motion [for judgment on the pleadings] as a motion for summary judgment even though supplementary materials are filed by the parties and the court is not required to take cognizance of them." In re Jet 1 Ctr., Inc., 319 B.R. 11, 16 (Bankr. M.D. Fla. 2004) (citations omitted); Hagerman v. Cobb County, No. 1:06-CV-02246-JEC, 2008 WL 839803, at *3 (N.D. Ga. Mar. 28, 2008); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1371, at 273 (3d ed. 2004) ("It is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c).").

### III. Analysis

The issue of patent-eligibility under 35 U.S.C. § 101 presents a question of law. Accenture Global Servs., GmbH v. Guidewire Software, Inc., 728 F.3d 1336, 1340-41 (Fed. Cir. 2013). Because each claim of a patent is presumed valid, Defendants bear the burden of establishing invalidity by "clear and convincing evidence." 35 U.S.C. § 282(a); Microsoft Corp. v. i4i Ltd. P'ship, 131 S. Ct. 2238, 2242 (2011); CLS Bank Int'l v. Alice Corp. Pty. Ltd., 717 F.3d 1269, 1284 (Fed. Cir. 2013) (holding that the presumption of validity applies to challenges pursuant to Section 101); cf.

Ultramercial, Inc. v. Hulu, LLC, 772 F.3d 709, 720 (Fed. Cir. 2014) (Mayer, J., concurring) (arguing that the presumption of validity should not apply to Section 101 challenges).

Pursuant to 35 U.S.C. § 101, four categories of inventions or discoveries are eligible for patent protection: "processes, machines, manufactures, and compositions of matter." Bilski v. Kappos, 561 U.S. 593, 601 (2010). Supreme Court precedent provides three exceptions to Section 101's broad coverage: "laws of nature, natural phenomena, and abstract ideas" are not patent-eligible. Id. (internal quotation marks omitted).

In order to determine whether subject matter is patent-eligible under Section 101, the first question is whether the claims at issue are directed to a law of nature, a natural phenomenon, or an abstract idea. Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 134 S. Ct. 2347, 2355 (2014). If so, the next question is whether the elements of each claim, considered both individually and in combination, contain an "inventive concept," sufficient to transform the claims into a patent-eligible application. Id. (internal quotation marks omitted).

A claimed process contains the requisite "inventive concept" if the process comprises more than "well-understood, routine, conventional activity already engaged in by the scientific community." Mayo Collaborative Servs. v.

Prometheus Labs. Inc., 132 S. Ct. 1289, 1298 (2012) (internal quotation marks omitted). Limiting the use of an abstract idea to a "particular technological environment," or using "a generic computer to perform generic computer functions" is not sufficient to transform an abstract idea into a patent-eligible process. Id. at 1297, 1301 (internal quotation marks omitted); Alice Corp. Pty. Ltd., 134 S. Ct. at 2359; DDR Holdings, LLC v. Hotels.com, L.P., 773 F.3d 1245, 1256 (Fed. Cir. 2014). On the other hand, improving an existing technological process may transform a process into an inventive application. Alice Corp. Pty. Ltd., 134 S. Ct. at 2358. For instance, an abstract idea may be integrated into a new combination of steps, in a way that is unconventional in the field. Mayo, 132 S. Ct. at 1298-1300.

In the instant motion, Defendants argue that the claims at issue are directed to a patent-ineligible abstract idea, namely: "paying a service provider by transmitting a payment combined with an explanation of the payment." (Doc. # 69 at 19). Defendants maintain that this type of transaction represents a "fundamental economic practice," akin to other financial concepts that the Supreme Court has recently held constitute unpatentable abstract ideas. E.g., Alice Corp. Pty. Ltd., 134 S. Ct. at 2356 (holding that claims were directed to the abstract idea of using a third party to

6

mitigate settlement risk); <u>Bilski</u>, 561 U.S. at 611 (holding that claims were directed to "the basic concept of hedging, or protecting against risk."). (Doc. # 69 at 19-22).

Further, Defendants argue that the patents do not contain the requisite "inventive concept." In particular, Defendants assert that the claims merely involve the use of a generic computer to complete the well-known concept of delivering payment, with an explanation of the payment, to a medical provider. And even assuming that stored-value cards had not previously been used in the area of healthcare insurance claims, Defendants argue that the implementation of a process in a new field is not enough, standing alone, to confer patent eligibility. (Doc. # 69 at 23-30).

In response, Plaintiff argues that its claims are narrow and concrete, applying only to: (1) the use of stored-value cards; (2) by third-party payors; (3) to pay healthcare benefits; (4) via a computer-generated file, which couples the payment with an explanation of benefits. (Doc. # 78 at 13-17, 20). Plaintiff maintains that its claims are sufficiently inventive because, prior to the issuance of the '904 and '748 Patents, healthcare payors incurred greater time and expense in generating and delivering a physical check accompanied by an explanation of benefits. (<u>Id.</u> at 17-20).

Upon careful consideration of the parties' filings,

7

Defendants' Motion for Judgment on the Pleadings is denied, as premature. As an initial matter, both Defendants and Plaintiff cite to matters outside of the pleadings, in support of their respective positions, including the prosecution history of a "parent" patent, an expert report prepared by Robert Allen (Plaintiff's Chairman and CEO), and a declaration submitted by Mr. Allen. (E.g., Doc. # 69 at 25, 27; Doc. # 78 at 18). However, discovery is still ongoing, and the record is thus not "fully developed." Jozwiak, 2010 WL 743834, at *4. Due to the deficiency of the available record, the Court declines to convert Defendants' Rule 12(c) motion into a motion for summary judgment.

In addition, Defendants filed the instant Motion prior to claim construction. As Defendants note, "claim construction is not an inviolable prerequisite" to an assessment of validity under Section 101. Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.), 687 F.3d 1266, 1273 (Fed. Cir. 2012); see, e.g., Bilski, 561 U.S. 593 (finding subject matter ineligible for patent protection without claim construction). Nonetheless, "it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." Bancorp Servs.,

L.L.C., 687 F.3d at 1273-74.

In this case, the parties dispute the basic character of the claimed subject matter. For instance, Defendants maintain that the patent specification defines a "stored-value card" to include credit and debit cards. (Doc. # 69 at 8, 14). By contrast, Plaintiff argues that the claim language applies only to virtual stored-value cards, not credit or debit cards (Doc. # 78 at 20). Neither party addresses the construction of the disputed term with reference to established claim construction principles. See, e.g., SkinMedica, Inc. v. Histogen Inc., 727 F.3d 1187, 1195-96 (Fed. Cir. 2013); Deere & Co. v. Bush Hog, LLC, 703 F.3d 1349, 1354 (Fed. Cir. 2012); Phillips v. AWH Corp., 415 F.3d 1303, 1315-16 (Fed. Cir. 2005). At the very least, proper construction of the term "stored-value card" is necessary prior to an assessment of whether the claims implicate a fundamental economic practice, and whether the claims comprise a sufficiently inventive process.

Finally, Defendants' motion unilaterally designates certain claims as "representative." Specifically, Defendants designate claim 2 of the '904 Patent and claim 7 of the '748 Patent as representative of method claims (Doc. # 69 at 20), and claim 12 of the '904 Patent and claim 13 of the '748 Patent as representative of system claims (Id. at 30). In

9

response, Plaintiff disputes the designation of these claims as representative and requests analysis of each claim, individually. (Doc. # 78 at 4-5).

"[A] party challenging the validity of a claim, <u>absent a pretrial agreement or stipulation</u>, must submit evidence supporting a conclusion of invalidity of *each* claim the challenger seeks to destroy." <u>Shelcore, Inc. v. Durham Indus., Inc.</u>, 745 F.2d 621, 625 (Fed. Cir. 1984) (underlined emphasis added); <u>see, e.g.</u>, <u>Alice Corp. Pty. Ltd.</u>, 134 S. Ct. at 2352 (noting that the parties agreed on representative claims); <u>cf.</u> <u>Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n</u>, Nos. 2013-1588, et al., ___ F.3d ___, 2014 WL 7272219, at *4 (Fed. Cir. Dec. 23, 2014)(affirming district court's designation of claims as representative where patentee did not object).

Defendants' Motion fails to meaningfully address the claims not designated as "representative." In order to narrow the issues, and to conserve both the Court's and the parties' resources, the parties are encouraged to stipulate to representative claims. Absent a stipulation, Defendants will be required to address the challenged claims individually in any subsequent motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion for Judgment on the Pleadings (Doc. # 69) is **DENIED WITHOUT PREJUDICE** as premature.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of February, 2015.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record