**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **STONEEAGLE SERVICES, INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**PAY-PLUS SOLUTIONS, INC. and PREMIER** )<br>**HEALTHCARE EXCHANGE, INC.** )<br>)<br>Defendants. )<br>) | C.A. No. 8:13-cv-2240-VMC-MAP |

**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY OF MR. WESTON ANSON AND
MEMORANDUM IN SUPPORT THEREOF AND EXHIBITS C, D, AND F THERETO**

Pursuant to Local Rule 1.09, Defendants Pay-Plus Solutions, Inc. ("PPS") and Premier Healthcare Exchange, Inc. ("PHX") (collectively, "Defendants") move for leave to file under seal an unredacted version of Defendants' Motion to Exclude Testimony of Mr. Weston Anson ("*Daubert* Motion"), and Exhibits C, D, and F thereto, or in the alternative to submit the unredacted Motion and Exhibits to the Court for *in camera review*.  In support, Defendants state as follows:

**Identification and Description of Each Item Proposed for Sealing**

1. The Protective Order entered in this action provides for the designation of information disclosed in discovery, including deposition testimony, to be designated "Confidential", "Highly Confidential – Attorneys' Eyes Only" or ""Highly Confidential – Outside Counsel Only." (*See* Dkt. Nos. 55–56.)

2. Paragraph 11 of the Protective Order requires the parties to make reasonable efforts to avoid requesting the filing under seal of protected information governed by the Protective Order. (Dkt. No. 55, at p. 25, ¶ 11.) Where such information must be filed with the Court, however, the Protective Order requires the filing of a motion to seal pursuant to applicable Local Rules. (*Id.*)

3. Defendants' *Daubert* Motion seeks to exclude the testimony of Plaintiff's damages expert, Mr. Weston Anson. As such, the *Daubert* Motion is focused largely on the Expert Report of Weston Anson, which is attached as Exhibit C to the *Daubert* Motion, and also the subject of this motion for leave to file under seal.

4. Exhibit C is a true and correct copy of the Expert Report of Weston Anson, in which Mr. Anson provides patent infringement damages analysis in relation to the above-captioned litigation. The report is marked "Confidential – Attorney's Eyes Only."

5.	Exhibit D is a true and correct copy of portions of the deposition transcript of Weston Anson, Plaintiff's damages expert, taken on January 9, 2015, which focuses largely on the content of Mr. Anson's Report. Portions of the deposition transcript have been designated Confidential", "Highly Confidential – Attorneys' Eyes Only," or ""Highly Confidential – Outside Counsel Only."

6.	Exhibit F is a true and correct copy of the Rebuttal Expert Report of Dr. Edward T. Wolpert, in which Dr. Wolpert provides a rebuttal analysis of the expert opinions of Mr. Anson in this matter. The report is marked "Highly Confidential – Attorneys' Eyes Only."

**Reason that Filing Each Item is Necessary**

7.	As discussed in the *Daubert* Motion, Plaintiff cannot meet its burden of showing that Mr. Anson's testimony regarding damages is relevant and reliable and that his approach is sufficiently tied to the facts of this case. As such, it must be excluded under Federal Rule of Evidence 702 and the standard set forth by the U.S. Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) in view of controlling precedents from the Federal Circuit regarding patent infringement damages.

8.	To demonstrate this point, Defendants' *Daubert* Motion discusses and analyzes Mr. Anson's testimony and Report (Exhibit C), which Plaintiff has marked "Confidential – Attorney's Eyes Only," at length in the context of controlling precedents from the Federal Circuit regarding patent infringement damages. Exhibit D, portions of the deposition transcript of Weston Anson, provides key, additional detail regarding the inadequacies and inaccuracies of Mr. Anson's analysis in view of these legal precedents and the facts of this case, and is also discussed at length in the *Daubert* Motion.

9.	Exhibit F, the Rebuttal Expert Report of Dr. Edward T. Wolpert, provides

3

additional detail regarding the inadequacies and inaccuracies of Mr. Anson's analysis in view of these legal precedents and the facts of this case.

**Reason that Sealing Each Item is Necessary and Reason That Means Other Than Sealing Each Item is Unavailable or Unsatisfactory to Preserve the Interest Advanced by Movant In Support of the Seal**

10. Exhibit C, the Expert Report of Weston Anson, contains description and analysis of confidential financial or other commercially sensitive information of Plaintiff and Defendants, including but not limited (1) confidential business information of Plaintiff; and (2) confidential financial information related to Defendants' accused products. As such, Exhibit C is properly designated "CONFIDENTIAL – For Attorneys' Eyes Only" pursuant to the Protective Order entered in this action (*see* Dkt. Nos. 55–56).

11. The *Daubert* Motion, Exhibit D (portions of the deposition transcript of Mr. Anson), and Exhibit F (the Rebuttal Expert Report of Dr. Edward T. Wolpert) similarly each discuss Mr. Anson's Report and analysis related to this confidential financial or other commercially sensitive information of Plaintiff and Defendants.

12. Pursuant to ¶ 11 of the Protective Order entered in this action (*see* Dkt. Nos. 55–56), such Confidential Information may not be publicly filed with the Court. Rather, such Confidential Information may only be presented to the Court in accordance with Local Rule 1.09 and in sealed envelopes prominently marked with the caption of the case and notation:

> "CONTAINS CONFIDENTIAL INFORMATION SUBJECT
> TO PROTECTIVE ORDER, TO BE OPENED ONLY BY
> OR AS DIRECTED OR PERMITTED BY THE COURT"

13. As an alternative to filing the documents under seal, Defendants submit that the *Daubert* Motion and Exhibits C, D, and F can be submitted to the Court for *in camera* review if the Court so Orders. The documents are not voluminous, and thus *in camera* review should not

unduly burden the Court.

**The Duration of the Proposed Seal**

14.  Pursuant to ¶ 18 of the Protective Order entered in this action (*see* Dkt. Nos. 55–56), even after final disposition of this litigation, the confidential obligations imposed by the Protective Order shall remain in effect until the parties agree otherwise in writing, or a court orders otherwise.  Accordingly, Defendants request that the *Daubert* Motion and Exhibits C, D, and F remain under seal until the parties agree otherwise in writing, or a court orders otherwise.

**Memorandum of Law In Support of Sealing the Documents**

15.  The public's constitutional right of access to court records has a more limited application in the context of civil litigation than it has in the context of criminal proceedings. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). Materials gathered as a result of civil discovery do not fall within the scope of the constitutional right's compelling interest standard.  *Id.* & n.6. "Public disclosure of discovery material is subject to the discretion of the trial court and the federal rules that circumscribe that discretion." *Id.* "Where discovery materials are concerned, the constitutional right of access standard is identical to that of Rule 26(c) of the Federal Rules of Civil Procedure." *Id.*

16.  The public has a common-law right of access to judicial proceedings, which includes the right to inspect and copy public records and court documents. *Id.* at 1311.  The right to inspect and copy is not absolute and requires a balancing of competing interests. *Id.*  at 1311. A trial court should exercise discretion in deciding whether to release judicial records, informed by a "'sensitive appreciation of the circumstances that led to …[the] production [of the particular document in question.'" *Id.* (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 602-03, 98 S. Ct. 1306, 1312, 1314-15 (1978)).

17. Federal Rule of Civil Procedure 26(c)(7) permits a court, upon motion of a party, to make a protective order requiring "that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way." "Where a party has sought the protection of Rule 26, the fact that sealed material is subsequently submitted in connection with a substantive motion does not mean that the confidentiality imposed by Rule 26 is automatically foregone." *Chicago Tribune Co.,* 263 F.3d at 1312. The moving party must make a showing of good cause. *Id.* A trial court is required to balance the interests of a party in keeping the information confidential against the party's interest in obtaining access to the documents. *Id.* at 1313.

18. Exhibit C, the Expert Report of Weston Anson, is directly relevant to Defendants' *Daubert* Motion regarding Mr. Anson's testimony. The same is true for Exhibit D, deposition testimony from Mr. Anson regarding his Expert Report. Exhibit F, Dr. Wolpert's Rebuttal Expert Report, which provides a rebuttal analysis of the expert opinions of Mr. Anson, is similarly relevant to Defendants' *Daubert* Motion. As such, full and complete consideration of the matters raised in Defendants' *Daubert* Motion cannot be had by the Court without the review of the information requested to be sealed, or alternatively provided to the Court for *in camera* review.

WHEREFORE, Defendants Pay-Plus Solutions, Inc. and Premier Healthcare Exchange, Inc. respectfully request that the Court enter an Order granting Defendants' motion for leave to file under seal Defendants' Motion to Exclude Testimony of Mr. Weston Anson, and Exhibits C, D, and F thereto, as specified above, or alternatively ordering it to be provided to the Court for *in camera* review and for such other relief the Court deems appropriate.

**LOCAL RULE 3.01(G) CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 3.01(g), on March 19 and 20, 2015, counsel for Defendants conferred with counsel for Plaintiff who advised that Plaintiff does not oppose the relief requested.

Respectfully submitted, this 20th day of March, 2015.

/s/ David A. Reed
Susan A. Cahoon *(Admitted Pro Hac Vice)*
Russell A. Korn *(Admitted Pro Hac Vice)*
David A. Reed *(Admitted Pro Hac Vice)*
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
scahoon@kilpatricktownsend.com
rkorn@kilpatricktownsend.com
dareed@kilpatricktownsend.com

Margaret D. Mathews
Florida Bar No.: 348430
AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 Telephone
(813) 223-2837 Facsimile
margaret.mathews@akerman.com

*ATTORNEYS FOR DEFENDANTS*
*PAY-PLUS SOLUTIONS, INC., AND*
*PREMIER HEALTHCARE EXCHANGE, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2015, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ David A. Reed
David A. Reed
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 745-2552
Facsimile: (404) 393-6548
dareed@kilpatricktownsend.com