UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STONEEAGLE SERVICES, INC.,

    Plaintiff,

v.                              Case No.: 8:13-cv-2240-T-33MAP

PAY-PLUS SOLUTIONS, INC., and
PREMIER HEALTHCARE EXCHANGE, INC.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff StoneEagle Services, Inc.'s Motion to Seal the Non-Infringement Expert Report of Defendants' Expert, Thomas N. Turi (Doc. # 116); Defendants Pay-Plus Solutions Inc. and Premier Healthcare Exchange, Inc.'s Motion for Leave to File Under Seal the Dispositive Motions for Summary Judgment of Defendants and Exhibits D and E Thereto (Doc. # 124); and Defendants' Motion for Leave to File Under Seal Defendants' Motion to Exclude Testimony of Mr. Weston Anson and Memorandum in Support Thereof and Exhibits C, D, and F Thereto (Doc. # 126). All the present Motions are unopposed and ripe for this Court's review. For the reasons that follow, the Court grants the Motions.

**Discussion**

1

Plaintiff seeks an Order authorizing it to file under seal Defendants' expert - Thomas N. Turi's - Non-Infringement Report dated November 12, 2014. (Doc. # 116). Furthermore, Defendants request an Order allowing them to file the following documents under seal: (1) Defendants' Dispositive Motions for Summary Judgment; (2) Exhibits D and E to Defendants' Dispositive Motions for Summary Judgment; (3) Defendants' Motion to Exclude Testimony of Mr. Weston Anson; and (4) Exhibits C, D, and F to the Motion to Exclude Testimony of Mr. Weston Anson. (Doc. ## 124, 126).

In this district, the proponent of a motion to seal must include: (i) an identification and description of each item proposed for sealing, (ii) the reason that filing each item is necessary, (iii) the reason for sealing each item, (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the motion to seal, (v) a statement of the duration of the seal, and (vi) a memorandum of law. See Local Rule 1.09, M.D. Fla.

The relevant rule also states: "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and

is filed before the expiration of the seal." See Local Rule 1.09(c), M.D. Fla.

In addition to the technical requirements of the Court's Local Rules, the law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings. As explained by the Eleventh Circuit in Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "[t]he operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007)(internal citations omitted). The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right

"has a more limited application in the civil context than it does in the criminal [context]." <u>Chi. Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1310 (11th Cir. 2001). Where this constitutional right of access applies, any denial of access requires a showing that it "is necessitated by a compelling governmental interest, and is narrowly tailored to [serve] that interest." <u>Id.</u>

The public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests. <u>Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC</u>, No. 3:10-CV-978-J-37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011); <u>see</u> <u>also</u> <u>Romero</u>, 480 F.3d at 1245. Good cause "generally signifies a sound basis or legitimate need to take judicial action." <u>In re Alexander Grant & Co. Litig.</u>, 820 F.2d 352, 356 (11th Cir. 1987). If the court finds that good cause exists, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. <u>Chi. Tribune Co.</u>, 263 F.3d at 1313. In balancing these interests:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will

4

>    be an opportunity to respond to the information,
>    whether the information concerns public officials
>    or public concerns, and the availability of a less
>    onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citations omitted). Moreover, even in the absence of a third party challenging the protection of information, the Court, as "the primary representative of the public interest in the judicial process," is bound by duty "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

This Court finds that the parties have met the requirements of the Local Rules, and have shown good cause as to why certain documents should be filed under seal. The items to be sealed are described in the Motions, and the parties have provided a satisfactory reason why the documents must be filed as they contain "extremely confidential" material that would cause "economic harm or significant competitive disadvantage." (See Doc. ## 116, 124, 126).

In addition, the parties have provided the documents to the Court, and the Court has reviewed each document. The Court determines that each document is confidential and proprietary and that good cause exists to seal each document. Disclosure

5

of the documents to the public could put the parties at a competitive disadvantage or otherwise invade the parties' legitimate privacy interests. After carefully reviewing the Motions and the documents, the Court grants the Motions.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiff's Motion to Seal the Non-Infringement Expert Report of Defendants' Expert, Thomas N. Turi (Doc. # 116) is **GRANTED.**

(2) Defendants' Motion for Leave to File Under Seal the Dispositive Motions for Summary Judgment of Defendants and Exhibits D and E Thereto (Doc. # 124) is **GRANTED.**

(3) Defendants' Motion for Leave to File Under Seal Defendants' Motion to Exclude Testimony of Mr. Weston Anson and Memorandum in Support Thereof and Exhibits C, D, and F Thereto (Doc. # 126) is **GRANTED.**

(4) The documents, as described within the Motions, may be filed under seal.

(5) The documents shall remain under seal for a period of one year. If necessary, the parties may file appropriate motions to renew this Court's Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of March, 2015.

／s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record