# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STONEEAGLE SERVICES, INC.,

    Plaintiff,

v.

Case No.: 8:13-cv-02240-VMC-MAP

PAY-PLUS SOLUTIONS, INC.,
and PREMIER HEALTHCARE
EXCHANGE, INC.,

    Defendants.
_____/

## FINAL JUDGMENT IN A CIVIL CASE

On August 11, 2015, the issues of: whether Defendants Pay-Plus Solutions, Inc. ("PPS") and Premier Healthcare Exchange, Inc. ("PHX") infringed claims 2, 7, 12, and 17 of U.S. Reissue Patent No. RE43,904 ("the '904 Patent") by use of the Pay-Plus Select healthcare benefit payment processing system known as the "One-Fax Method"; whether PPS and PHX willfully infringed claim 2 of the '904 Patent by use of the "One-Fax Method"; whether PHX actively induced PPS' infringement of claims 2, 7, 12, and 17 of the '904 Patent by use of the "One-Fax Method"; whether PPS and PHX infringed claims 13 and 19 of U.S. Patent RE44,748 ("the '748 Patent") by use of the "One-Fax Method"; whether PPS and PHX infringed claims 13 and 19 of the '748 Patent by use of the Pay-Plus Select healthcare benefit payment processing system known as the "Two-Fax Method"; whether PPS and PHX infringed claims 13 and 19 of the '748 Patent by use of the Pay-Plus Select healthcare benefit payment processing system known as the "Hardcopy

Method"; whether PHX actively induced PPS' infringement of claims 13 and 19 of the '748 Patent by use of the "One-Fax Method"; whether PHX actively induced PPS' infringement of claims 13 and 19 of the '748 Patent by use of the "Two-Fax Method"; whether PHX actively induced PPS' infringement of claims 13 and 19 of the '748 Patent by use of the "Hardcopy Method"; whether claims 2, 7, 12, and 17 of the '904 Patent were invalid for obviousness; whether claims 2, 7, 12, and 17 of the '904 Patent were invalid for lack of written description; whether claims 2, 7, 12, and 17 of the '904 Patent were invalid for lack of enablement; whether claims 13 and 19 of the '748 Patent were invalid for obviousness; whether claims 13 and 19 of the '748 Patent were invalid for lack of written description; and whether claims 13 and 19 of the '748 Patent were invalid for lack of enablement were presented to the jury for consideration.

On August 11, 2015, the jury found: that PPS and PHX infringed claims 2, 7, 12, and 17 of the '904 Patent by use of the "One-Fax Method"; that PPS and PHX willfully infringed claim 2 of the '904 Patent by use of the "One-Fax Method"; that PHX actively induced PPS' infringement of claims 2, 7, 12, and 17 of the '904 Patent by use of the "One-Fax Method"; that PPS and PHX infringed claims 13 and 19 of the '748 Patent by use of the "One-Fax Method"; that PPS and PHX did not infringe claim 13 of the '748 Patent by use of the "Two-Fax Method"; that PPS and PHX infringed claim 19 of the '748 Patent by use of "Two-Fax Method"; that PPS and PHX infringed claims 13 and 19 of the '748 Patent by use of the "Hardcopy Method"; that PHX actively induced PPS' infringement of claims 13 and 19 of the '748 Patent by use of the "One-Fax Method"; that PHX did not actively induce PPS' infringement of claim 13 of the '748 Patent by use of the "Two-Fax Method";

2

that PHX actively induced PPS' infringement of claim 19 of the '748 Patent by use of the "Two-Fax Method"; that PHX actively induced PPS' infringement of claims 13 and 19 of the '748 Patent by use of the "Hardcopy Method"; that claims 2, 7, 12, and 17 of the '904 Patent were not invalid for obviousness; that claims 2, 7, 12, and 17 of the '904 Patent were not invalid for lack of written description; that claims 2, 7, 12, and 17 of the '904 Patent were not invalid for lack of enablement; that claims 13 and 19 of the '748 Patent were not invalid for obviousness; that claims 13 and 19 of the '748 Patent were not invalid for lack of written description; and that claims 13 and 19 of the '748 Patent were not invalid for lack of enablement.

Upon consideration of the foregoing, **IT IS HEREBY**

**ORDERED** that Judgment is entered for the Plaintiff, StoneEagle Services, Inc., and against the Defendants, Pay-Plus Solutions, Inc. and Premier Healthcare Exchange, Inc., with respect to the '904 Patent as to the issues of infringement of claims 2, 7, 12, and 17 of the '904 Patent by use of the "One-Fax Method"; willful infringement of claim 2 of the '904 Patent by use of the "One-Fax Method"; and no invalidity of claims 2, 7, 12, and 17 of the '904 Patent due to obviousness, lack of enablement and lack of written description; and for the Plaintiff, StoneEagle Services, Inc., and against the Defendant, Premier Healthcare Exchange, Inc. with respect to the '904 Patent as to the issue of active inducement of Pay-Plus Solutions, Inc.'s infringement of claims 2, 7, 12, and 17 of the '904 Patent by use of the "One-Fax Method";

**IT IS FURTHER ORDERED** that Judgment is entered for the Plaintiff, StoneEagle Services, Inc., and against the Defendants, Pay-Plus Solutions, Inc. and

Premier Healthcare Exchange, Inc., with respect to the '748 Patent as to the issues of infringement of claims 13 and 19 of the '748 Patent by use of the "One-Fax Method"; infringement of claim 19 of the '748 Patent by use of the "Two-Fax Method"; infringement of claims 13 and 19 of the '748 Patent by use of the "Hardcopy Method"; and no invalidity of claims 13 and 19 of the '748 Patent due to obviousness, lack of enablement, and lack of written description; and for the Plaintiff, StoneEagle Services, Inc., and against the Defendant, Premier Healthcare Exchange, Inc., with respect to the '748 Patent as to the issue of active inducement of Pay-Plus Solutions, Inc.'s infringement of claims 13 and 19 the '748 Patent by use of the "One-Fax Method"; active inducement of Pay-Plus Solutions, Inc.'s infringement of claim 19 the '748 Patent by use of the "Two-Fax Method"; and active inducement of Pay-Plus Solutions, Inc.'s infringement of claims 13 and 19 the '748 Patent by use of the "Hardcopy Method";

**IT IS FURTHER ORDERED** that Judgment is entered for the Defendants, Pay-Plus Solutions, Inc. and Premier Healthcare Exchange, Inc., and against Plaintiff, StoneEagle Services, Inc., with respect to the '748 Patent as to the issue of non-infringement of claim 13 of the '748 Patent by use of the "Two-Fax Method"; and for Defendant Premier Healthcare Exchange, Inc., and against Plaintiff, StoneEagle Services, Inc., with respect to the '748 Patent as to the issue of no active inducement with respect to claim 13 the '748 Patent by Pay-Plus Solutions, Inc.'s use of the "Two-Fax Method";

**IT IS FURTHER ORDERED** that Plaintiff, StoneEagle Services, Inc. shall take and recover judgment against Defendants, Pay-Plus Solutions, Inc. and Premier Healthcare Exchange, Inc., in the collective amounts of $305,000.00 for Defendants' infringement

with respect to the "One-Fax Method", $1,911,400.00 for Defendants' infringement with respect to the "Two-Fax Method", and $4,450.00 for Defendants' infringement with respect to the "Hardcopy Method", for Defendants' past infringement, plus post-judgment interest from this day forward calculated at the statutory rate pursuant to 28 U.S.C. § 1961;

**IT IS FURTHER ORDERED** that the Court reserves jurisdiction to (1) entertain all post-trial motions hereafter filed by either party; (2) entertain the issue of entitlement to enhanced damages under 35 U.S.C. § 284, predicated upon the jury's finding that Defendants, Pay-Plus Solutions, Inc. and Premier Healthcare Exchange, Inc., willfully infringed claim 2 the '904 Patent by use of the "One-Fax Method"; and (3) award, if appropriate, prejudgment interest and costs. An Omnibus Final Judgment will be entered upon resolution of the foregoing.

Date: August 24, 2015          SHERYL L. LOESCH, CLERK

By: _____, Deputy Clerk

Copies furnished to:
Counsel of Record

5